UNITED STATES DISTRICT COURT
IN AND FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| MICHELE FANEAN,<br><br>   PLAINTIFF,<br><br>v.<br><br>RITE AID CORPORATION OF DELAWARE, INC.,<br><br>   DEFENDANT. | C.A. NO. |

NOTICE OF REMOVAL TO FEDERAL COURT PURSUANT TO 28 U.S.C. § 1446

TO:   The Honorable Judges of the United States District Court
      In and For the District of Delaware
      844 N. King Street
      Room 4209
      Lock Box 18
      Wilmington, DE 19801

Defendant Rite Aid Corporation of Delaware, Inc., by and through its attorney respectfully aver as follows:

1. Plaintiff originally commenced a civil action against Rite Aid Corporation in the Superior Court of Delaware in and for New Castle County. See original Complaint attached hereto as Exhibit "A".

2. The Complaint, being the original process in this case was served on Rite Aid Corporation as of August 12, 2008. See Exhibit "B".

3. On August 25, 2008, an Amended Complaint was filed by the plaintiff naming a separate corporate entity, Rite Aid Corporation of Delaware, Inc. as the appropriate party defendant. See Exhibit "C".

4. Accordingly, this Notice of Removal was timely filed within thirty (30) days of

both the initial pleading being served against Defendant Rite Aid Corporation as well as within thirty (30) days of the efiling of an Amended Complaint against Rite Aid Corporation of Delaware, Inc. See 28 U.S.C. § 1446 (b).

5. In the Amended Complaint, it is averred that defendant acted through an agent, servant or employee revealed personal, private, sensitive and highly confidential medical details in violation of the Health Information Privacy Act found at 42 U.S.C. § 1320 et. Seq. (HIPAA).

6. It furthermore goes on to aver that violation of HIPAA constitutes negligence per se.

7. Congress in creating HIPAA did not provide for private enforcement of the statute, limiting same, to the Secretary of Health and Human Services. See 42 U.S.C. § 1320(d-1,d-5, d-6). Congress has preempted the field relative to a cause of action stemming from a violation of HIPAA.

8. As such, the instant matter poses a federal question in accordance with 28 U.S.C. § 1331 setting forth the fact that District Court shall have original jurisdiction of all civil actions arising under the Constitution, laws or treaties of the United States.

9. Federal law has preempted the field specifically limiting enforcement of the statute to the Secretary of Health and Human Services.

10. Defendant Rite Aid Corporation of Delaware, Inc. is represented by the firm of Robinson, Grayson, Dryden & Ward and consents to the removal to the litigation to the United States District Court.

WHEREFORE, Defendants pray that the above captioned action now pending in the Superior Court of the State of Delaware in and for New Castle County be removed to this Honorable Court.

                                        Robinson Grayson Dryden & Ward, P.A.

                                        Stephen F. Dryden, Esquire
                                        Bar I.D. No. 2157
                                        910 Foulk Road, Suite 200
                                        Wilmington, DE  19803
                                        (302) 655-6262
                                        Attorney for Defendant

Dated: September 2, 2008

UNITED STATES DISTRICT COURT
IN AND FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| MICHELE FANEAN,<br><br>PLAINTIFF,<br><br>v.<br><br>RITE AID CORPORATION OF DELAWARE, INC.,<br><br>DEFENDANT. | C.A. NO. |

### CERTIFICATE OF SERVICE

I, Stephen F. Dryden, of Robinson Grayson Dryden & Ward, P.A., do hereby certify that a copy of the foregoing Notice of Removal to Federal Court Pursuant to 28 U.S. C. § 1446 was served via U.S. Mail on this 29th day of August, 2008 upon the following:

James F. Bailey, Jr., Esquire
Three Mill Road, Suite 306A
Wilmington, DE 19806

Stephen F. Dryden
Bar I.D. No. 2157

# EXHIBIT

# A

EFiled: Jul 17 2008 4:14P
Transaction ID 20692005
Case No. 08C-07-151 JOH

IN THE SUPERIOR COURT OF THE STATE OF DELAWARE

IN AND FOR NEW CASTLE COUNTY

| | | |
|---|---|---|
| MICHELE FANEAN, | § § | C.A. NO.: |
| Plaintiff, | § § | |
| v. | § § | |
| RITE AID CORPORATION, | § § | TRIAL BY JURY OF 12 DEMANDED |
| Defendant. | § § | |

## COMPLAINT

1. Plaintiff is Michele Fanean, a resident of New Castle County, Delaware at all times relevant hereto.

2. The Defendant, Rite Aid Corporation, is a corporation of the State of Delaware with pharmacies located throughout the United States and, more particularly, owns and operates a store containing a pharmacy at 2713 Philadelphia Pike, Claymont, Delaware 19703. The registered agent is the Prentice-Hall Corporation System, Inc.

3. Plaintiff has been a customer of the Rite Aid Pharmacy located at 2713 Philadelphia Pike, Claymont, Delaware 19703 (the "Rite Aid Pharmacy") for a number of years. She has had prescriptions called in and filled at that location on numerous occasions.

4. In either late April or early May, 2008, an agent, servant or employee of the Rite Aid Pharmacy named Alexis Chessen, provided detailed information about medications that Plaintiff was taking as well as providing detailed information about medical conditions that she did have and does have at the present time. In addition, this information was disseminated to various members of the public including members of Plaintiff's family.

5. The information communicated by Chessen, acting as agent, servant or employee of the Rite Aid Pharmacy and Rite Aid Corporation, was personal, private, sensitive and highly confidential.

6. Revelation of the details of various medicines, prescriptions and physical conditions of the Plaintiff by the Rite Aid employee was a violation of the Health Information Privacy Act found at 42 U.S.C. §1320 et. seq. (HIPAA). Chessen acted as agent, servant or employee of Rite Aid Corporation, who is vicariously liable under the theory of respondeat superior knowingly obtained and disclosed individually identifiable health information in violation of the act otherwise known as The Administrative Simplification Regulations as well as the Health Insurance Portability and Accountability Act of 1996.

7. Violation of HIPAA and its attendant regulations constitutes negligence per se. The violation of HIPAA and its attendant regulations Defendant proximately and directly caused damages to the Plaintiff. Those damages include, but are not limited to, emotional distress, embarrassment, public humiliation, psychological stress and other related damages.

8. The actions of the Defendant, acting through its agents, servants or employees constitutes, inter alia, negligent and/or intentional infliction of emotional distress directly and proximately causing damage to Plaintiff. The medical information and records communicated by Rite Aid through Chessen was provided to third parties without consent of the Plaintiff.

WHEREFORE, Plaintiff demands judgment against Defendant along with an award of prejudgment and post-judgment interests, costs and attorneys' fees.

THE BAILEY LAW FIRM

/s/ James F. Bailey, Jr.
JAMES F. BAILEY, JR., ESQUIRE
Bar I.D. # 336
*Email: jbailey@jfbailey.com*
Three Mill Road, Suite 306A
Wilmington, DE  19806
(302) 658-5686
*Attorney for Plaintiff*

Date:   July 17, 2008

3

# EXHIBIT

# B

EFiled: Aug 26 2008 4:43 EDT
Transaction ID 21240113
Case No. 08C-07-151 JOH

August 13, 2008

OFFICE OF THE SHERIFF

Served: RITE AID CORPORATION

By serving their R/A PHCS INC. by delivering a copy of the within writ together with a copy of the Summons and Complaint to MARY DRUMMOND, , of the said registered agent on 8/12/2008 at 11:18AM.

Fees Paid: $30.00

Civil Action # 08C-07-151
Per: Deputy Sheriff, Clarence Everett

SO ANS;
SHERIFF

WRIT RET.  8-14-08

PER  Doreen Simmons

Document #  08013918

# EXHIBIT

# C

EFiled: Aug 25 2008 4:47 EDT
Transaction ID 21219026
Case No. 08C-07-151 JOH

IN THE SUPERIOR COURT OF THE STATE OF DELAWARE

IN AND FOR NEW CASTLE COUNTY

| | | |
|---|---|---|
| MICHELE FANEAN, | § § | C.A. NO.: 08C-07-151 JOH |
| Plaintiff, | § § | |
| v. | § § | |
| RITE AID CORPORATION OF DELAWARE, INC., | § § § | TRIAL BY JURY OF 12 DEMANDED |
| Defendant. | § § | |

## AMENDED COMPLAINT

1.   Plaintiff is Michele Fanean, a resident of New Castle County, Delaware at all times relevant hereto.

2.   The Defendant, Rite Aid Corporation of Delaware, Inc., is a corporation of the State of Delaware with pharmacies located throughout the United States and, more particularly, owns and operates a store containing a pharmacy at 2713 Philadelphia Pike, Claymont, Delaware 19703. The registered agent is the Prentice-Hall Corporation System, Inc.

3.   Plaintiff has been a customer of the Rite Aid Pharmacy located at 2713 Philadelphia Pike, Claymont, Delaware 19703 (the "Rite Aid Pharmacy") for a number of years. She has had prescriptions called in and filled at that location on numerous occasions.

4.   In either late April or early May, 2008, an agent, servant or employee of the Rite Aid Pharmacy named Alexis Chessen, provided detailed information about medications that Plaintiff was taking as well as providing detailed information about medical conditions that she did have and does have at the present time. In addition, this information was disseminated to various members of the public including members of Plaintiff's family.

5.  The information communicated by Chessen, acting as agent, servant or employee of the Rite Aid Pharmacy and Rite Aid Corporation of Delaware, Inc., was personal, private, sensitive and highly confidential.

6.  Revelation of the details of various medicines, prescriptions and physical conditions of the Plaintiff by the Rite Aid employee was a violation of the Health Information Privacy Act found at 42 U.S.C. §1320 et. seq. (HIPAA). Chessen acted as agent, servant or employee of Rite Aid Corporation of Delaware, Inc., who is vicariously liable under the theory of respondeat superior knowingly obtained and disclosed individually identifiable health information in violation of the act otherwise known as The Administrative Simplification Regulations as well as the Health Insurance Portability and Accountability Act of 1996.

7.  Violation of HIPAA and its attendant regulations constitutes negligence per se. The violation of HIPAA and its attendant regulations Defendant proximately and directly caused damages to the Plaintiff. Those damages include, but are not limited to, emotional distress, embarrassment, public humiliation, psychological stress and other related damages.

8.  The actions of the Defendant, acting through its agents, servants or employees constitutes, inter alia, negligent and/or intentional infliction of emotional distress directly and proximately causing damage to Plaintiff. The medical information and records communicated by Rite Aid through Chessen was provided to third parties without consent of the Plaintiff.

WHEREFORE, Plaintiff demands judgment against Defendant along with an award of prejudgment and post-judgment interests, costs and attorneys' fees.

THE BAILEY LAW FIRM

/s/ James F. Bailey, Jr.
JAMES F. BAILEY, JR., ESQUIRE
Bar I.D. # 336
Email: jbailey@jfbailey.com
Three Mill Road, Suite 306A
Wilmington, DE  19806
(302) 658-5686
*Attorney for Plaintiff*

Date:   August 25, 2008

JS 44 (Rev. 12/07)

# CIVIL COVER SHEET

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. (SEE INSTRUCTIONS ON THE REVERSE OF THE FORM.)

## I. (a) PLAINTIFFS
Michele Fanean

## DEFENDANTS
Rite Aid Corporation of Delaware, Inc.

**(b)** County of Residence of First Listed Plaintiff: **New Castle**
(EXCEPT IN U.S. PLAINTIFF CASES)

County of Residence of First Listed Defendant: _____
(IN U.S. PLAINTIFF CASES ONLY)
NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE LAND INVOLVED.

**(c)** Attorney's (Firm Name, Address, and Telephone Number)
James F. Bailey, Jr., Esquire, Three Mill Road, Suite 306A
Wilmington, DE 19806 (302) 658-5686

Attorneys (If Known)
Stephen F. Dryden, Esquire - 910 Foulk Road, Suite 200, Wilmington, DE 19803 (302) 655-6262

## II. BASIS OF JURISDICTION (Place an "X" in One Box Only)

- ☐ 1 U.S. Government Plaintiff
- ☒ 3 Federal Question (U.S. Government Not a Party)
- ☐ 2 U.S. Government Defendant
- ☐ 4 Diversity (Indicate Citizenship of Parties in Item III)

## III. CITIZENSHIP OF PRINCIPAL PARTIES (Place an "X" in One Box for Plaintiff and One Box for Defendant) (For Diversity Cases Only)

|  | PTF | DEF |  | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☐ 1 | Incorporated or Principal Place of Business In This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated and Principal Place of Business In Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

## IV. NATURE OF SUIT (Place an "X" in One Box Only)

| CONTRACT | TORTS | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|
| ☐ 110 Insurance | **PERSONAL INJURY** / **PERSONAL INJURY** | ☐ 610 Agriculture | ☐ 422 Appeal 28 USC 158 | ☐ 400 State Reapportionment |
| ☐ 120 Marine | ☐ 310 Airplane / ☐ 362 Personal Injury - Med. Malpractice | ☐ 620 Other Food & Drug | ☐ 423 Withdrawal 28 USC 157 | ☐ 410 Antitrust |
| ☐ 130 Miller Act | ☐ 315 Airplane Product Liability / ☐ 365 Personal Injury - Product Liability | ☐ 625 Drug Related Seizure of Property 21 USC 881 | | ☐ 430 Banks and Banking |
| ☐ 140 Negotiable Instrument | ☐ 320 Assault, Libel & Slander / ☐ 368 Asbestos Personal Injury Product Liability | ☐ 630 Liquor Laws | **PROPERTY RIGHTS** | ☐ 450 Commerce |
| ☐ 150 Recovery of Overpayment & Enforcement of Judgment | ☐ 330 Federal Employers' Liability | ☐ 640 R.R. & Truck | ☐ 820 Copyrights | ☐ 460 Deportation |
| ☐ 151 Medicare Act | ☐ 340 Marine / **PERSONAL PROPERTY** | ☐ 650 Airline Regs. | ☐ 830 Patent | ☐ 470 Racketeer Influenced and Corrupt Organizations |
| ☐ 152 Recovery of Defaulted Student Loans (Excl. Veterans) | ☐ 345 Marine Product Liability / ☐ 370 Other Fraud | ☐ 660 Occupational Safety/Health | ☐ 840 Trademark | ☐ 480 Consumer Credit |
| ☐ 153 Recovery of Overpayment of Veteran's Benefits | ☐ 350 Motor Vehicle / ☐ 371 Truth in Lending | ☐ 690 Other | | ☐ 490 Cable/Sat TV |
| ☐ 160 Stockholders' Suits | ☐ 355 Motor Vehicle Product Liability / ☐ 380 Other Personal Property Damage | **LABOR** | **SOCIAL SECURITY** | ☐ 810 Selective Service |
| ☐ 190 Other Contract | ☐ 360 Other Personal Injury / ☐ 385 Property Damage Product Liability | ☐ 710 Fair Labor Standards Act | ☐ 861 HIA (1395ff) | ☐ 850 Securities/Commodities/ Exchange |
| ☐ 195 Contract Product Liability | | ☐ 720 Labor/Mgmt. Relations | ☐ 862 Black Lung (923) | ☐ 875 Customer Challenge 12 USC 3410 |
| ☐ 196 Franchise | | ☐ 730 Labor/Mgmt.Reporting & Disclosure Act | ☐ 863 DIWC/DIWW (405(g)) | ☒ 890 Other Statutory Actions |
| **REAL PROPERTY** | **CIVIL RIGHTS** / **PRISONER PETITIONS** | ☐ 740 Railway Labor Act | ☐ 864 SSID Title XVI | ☐ 891 Agricultural Acts |
| ☐ 210 Land Condemnation | ☐ 441 Voting / ☐ 510 Motions to Vacate Sentence | ☐ 790 Other Labor Litigation | ☐ 865 RSI (405(g)) | ☐ 892 Economic Stabilization Act |
| ☐ 220 Foreclosure | ☐ 442 Employment | ☐ 791 Empl. Ret. Inc. Security Act | **FEDERAL TAX SUITS** | ☐ 893 Environmental Matters |
| ☐ 230 Rent Lease & Ejectment | ☐ 443 Housing/ Accommodations / **Habeas Corpus:** | | ☐ 870 Taxes (U.S. Plaintiff or Defendant) | ☐ 894 Energy Allocation Act |
| ☐ 240 Torts to Land | ☐ 444 Welfare / ☐ 530 General | **IMMIGRATION** | ☐ 871 IRS—Third Party 26 USC 7609 | ☐ 895 Freedom of Information Act |
| ☐ 245 Tort Product Liability | ☐ 445 Amer. w/Disabilities - Employment / ☐ 535 Death Penalty | ☐ 462 Naturalization Application | | ☐ 900 Appeal of Fee Determination Under Equal Access to Justice |
| ☐ 290 All Other Real Property | ☐ 446 Amer. w/Disabilities - Other / ☐ 540 Mandamus & Other | ☐ 463 Habeas Corpus - Alien Detainee | | ☐ 950 Constitutionality of State Statutes |
| | ☐ 440 Other Civil Rights / ☐ 550 Civil Rights | ☐ 465 Other Immigration Actions | | |
| | ☐ 555 Prison Condition | | | |

## V. ORIGIN (Place an "X" in One Box Only)

- ☐ 1 Original Proceeding
- ☒ 2 Removed from State Court
- ☐ 3 Remanded from Appellate Court
- ☐ 4 Reinstated or Reopened
- ☐ 5 Transferred from another district (specify)
- ☐ 6 Multidistrict Litigation
- ☐ 7 Appeal to District Judge from Magistrate Judgment

## VI. CAUSE OF ACTION
Cite the U.S. Civil Statute under which you are filing (Do not cite jurisdictional statutes unless diversity):
42 U.S.C. Section 1320

Brief description of cause:
Preemption of attempt to site HIPAA as basis for private cause of action

## VII. REQUESTED IN COMPLAINT:
☐ CHECK IF THIS IS A CLASS ACTION UNDER F.R.C.P. 23

DEMAND $ _____

CHECK YES only if demanded in complaint:
JURY DEMAND: ☒ Yes ☐ No

## VIII. RELATED CASE(S) IF ANY
(See instructions): JUDGE Jermome O. Herlihy    DOCKET NUMBER 08C-07-151 JOH

DATE: 8-29-08

SIGNATURE OF ATTORNEY OF RECORD: [signature]

**FOR OFFICE USE ONLY**

RECEIPT # _____  AMOUNT _____  APPLYING IFP _____  JUDGE _____  MAG. JUDGE _____

AO FORM 85 RECEIPT (REV. 9/04)

United States District Court for the District of Delaware

Civil Action No. 08-553

# ACKNOWLEDGMENT OF RECEIPT FOR AO FORM 85

# *NOTICE OF AVAILABILITY OF A UNITED STATES MAGISTRATE JUDGE TO EXERCISE JURISDICTION*

I HEREBY ACKNOWLEDGE RECEIPT OF ____1____ COPIES OF AO FORM 85.

8/29/08
(Date forms issued)

(Signature of Party or their Representative)

Jean McCollam
(Printed name of Party or their Representative)

Note: Completed receipt will be filed in the Civil Action